Roane J.
This is a plain case, and, though contained in a voluminous record, the essential parts of it lie within a small compass. An objection is made *207 io the title of the appellee, because the commission which ivas to enable Mrs» Pritchard to pass away estate, was not directed to justices of the peace. The Act of 1748, requires the commission to be addressed to persons being justices of the peace, but does not preset ibe the form of it It is certainly necessary that the commissioners should in reality answer this description, because the law requires it; but it does not require that they should be so styled in the commission» The question then is, ought we to presume the fact that they were justices ? I think we ought» The law requires the Clerk to direct it to such persons, and he ought not • to be presumed to have done wrong» The contrary might have been shewn and if the party meant to avail himself of this objection, he ought to have proved the fact» I can never agree that the party should be surprised at the trial with an objection of this sort, particularly, where the presumption is in his favour»
As to the location of the land claimed under the will, one thing is evident, which is, that the testator intended to give to each of his five daughters, 1000 acres-of good lands and it is not required to lie in one body» But if it had been, the report proves that his intention! as to quality could not in this respect have been fulfilled» It is to lie on the waters of James River, and so I think the Catawba lands do» But if it could be avoided, the land ought not to be laid off in small surveys ; and as it is io proof that the 5,000 acres of good land could not have been got io the large tract, in less than twenty surveys, the testator could not have meant that tract, Benjamin the younger seems himself to have considered the Catawba lands as intended by the testator» Had he then a right to purchase up all the good land, and to impose the bad on the devisees ? It is shown by the report, that there remains no good land unsold, and it would be highly unjust, that the executor should by his conduct deprive any of the devisees of that which the testator intended for them j and the appellants claiming merely as volunteers, stand *208 in the situation of Benjamin Borden whom they represent. I think the decree ought to be affirmed.
Fleming J. — The first objection made by the appellants counsel to the decree was, that the commission was not so directed, or returned, as to pass the estate of Mrs. Pritchard. It is duly executed by the persons to whom it was directed, and the Clerk is required to address it to justices of the peace. The deed with the commission is returned, and admitted to record. I do not think that we carry the doctrine of presumption beyond its accustomed limits when we say, that to support this deed, we will intend that the law has been obeyed unless the contrary appear.
The second point respects the location of the land. The Chancellor, discovering much difficulty in ascertaining what lands would best fulfil the intention of the testator, very properly appointed commissioners to view all the lands of the testator on the waters of James River, and to report thereupon. These commissioners had certainly the fairest opportunity of judging, and after stating that Benjamin Borden the executor had sold almost all the good land out of the large tract, they report their opinion to be, that the lands on Catawba more nearly answers the description given by the testator than any other. I am therefore of opin - ion that the decree is right.
The President. — -I concur fully in sentiments with the other Judges, and for the reasons given by them, I am of opinion, that the decree is right upon both points, and ought to be affirmed.
Decree affirmed.